■ HARRY O. OLSON, Respondent, v. RAMONA M. OLSON, Appellant.— Order reversed, without costs of this appeal to either party, defendant awarded $350 counsel fees, and matter remitted to the Special Term for further proceedings in accordance with the memorandum. Memorandum: The denial of defendant wife's motion under section 1169 of the Civil Practice Act for counsel fees during the pendency of the action was an improvident exercise of discretion by Special Term. We award defendant $350 counsel fees for services of her attorneys to date, including services on this appeal. It was further improvident to have granted plaintiff's motion striking out the entire answer. We remit to Special Term for reconsideration the issue as to whether pursuant to section 1140-a of the Civil Practice Act justice requires that defendant be granted alimony *pendente lite,* and for further consideration as to whether defendant is entitled to counsel fees in addition to those granted herein. All concur, except Halpern, J., who dissents in part, as follows: I dissent from that part of the decision which reverses the part of the order which struck out defendant's answer. The answer did not raise any material issue as to the plaintiff's right to an annulment. I would, therefore, affirm that part of the order. However, the defendant's motion for alimony should have been treated as an application for a direction to be incorporated in the judgment under section 1140-a of the Civil Practice Act and I would reverse the part of the order which denied that application and remit the matter to Special Term for further proceedings. (Appeal from order of Monroe Special Term granting plaintiff's motion to strike out the answer of defendant and denying defendant's motion for counsel fees and alimony *pendente lite.*) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ MARY M. BEMISH, Respondent, v. CITY OF ROCHESTER et al., Appellants. — Order unanimously affirmed, without costs of this appeal to any party. Motion for stay denied. (Appeal from order of Monroe Special Term granting plaintiff's motion to examine defendants before trial and denying defendants' motions to dismiss for failure to prosecute.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ SYRACUSE AMUSEMENT COMPANY, INC., Appellant, v. GLEN A. MURRAY, Respondent, et al., Defendant.— Order insofar as appealed from unanimously affirmed, with $25 costs and disbursements. (Appeal from part of order of Onondaga Special Term denying plaintiff's motion for summary judgment against defendant Murray.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of STEPHEN KUROCZKA, Petitioner, against WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled on the law and respondent directed to restore petitioner's license, with $50 costs and disbursements. Memorandum: The petitioner's operator's license was revoked following a hearing for "Violation of Section 58 of the Vehicle and Traffic Law — reckless driving". While there is proof in the record upon which a finding might possibly be based of ordinary negligence, we find no substantial evidence that petitioner operated his vehicle in such a manner as to constitute reckless driving as defined in the statute. (Review of the action of the Commissioner of Motor Vehicles revoking petitioner's operator's license, which proceeding was transferred to the Appellate Division for determination by order of Broome Special Term.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.